UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>  v.<br><br>KAILEY DOAN,<br>MATTHEW VAN LITH,<br><br>              Defendants. | Case No. 3:11-CR-00176-EJL<br><br>**MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter are the motions to suppress filed by Defendants Kailey Doan ("Doan") and Mathew Van Lith ("Van Lith"). Dkts. 13 and 14. An evidentiary hearing was held on November 7, 2011. The Court took the motions under advisement and now finds that the facts and legal arguments are adequately presented in the briefs and record.

## FACTUAL BACKGROUND

Defendants move to suppress statements and evidence from an investigatory stop in a campground. Defendants argue Ranger Sabatini did not have a "reasonable suspicion" supported by articulable facts that criminal activity may have been afoot based on what the Ranger observed the defendants were doing in

**MEMORANDUM ORDER - 1**
11orders\doan_suppress

the car. Secondarily, Defendants argue there was no probably cause for a search of the vehicle.

On May 8, 2011, Doan and Van Lith were at a Bureau of Land Management ("BLM") campground in Idaho County, Idaho. This was the weekend of the Riggins Rodeo so the campground had lots of people camping. Approximately seven officers were doing a sweep through the campground area at around midnight. Ranger Sabatini testified that he observed two persons sitting in a car with the interior light on. Van Lith claims it was the light from his laptop computer that illuminated the interior not the dome light. Regardless of the source of the light in the car, Ranger Sabatini testified he stood next to the vehicle without the occupants noticing him. The Ranger first thought Van Lith was rolling a marijuana joint, but after observing the occupants he realized that Van Lith was not rolling a joint, but was manipulating some small plastic item in his hand.

Ranger Sabatini testified that based on his prior marijuana investigations and arrests, he was familiar with the practice of people taking a little bit of marijuana and twisting it into a corner of a baggie to save the marijuana for later use. Ranger Sabatini testified that he observed Van Lith manipulating a small piece of plastic which the Ranger believed to also contain marijuana although from observing outside the vehicle he could not see the marijuana. The Ranger did not see Van

Lith tear it off from the rest of the baggie, but saw a small piece of plastic in his hand.  Van Lith admitted he had the small end of the baggie in his hand but claims he was holding it between his fingers about shoulder high not lower as the Ranger testified.

After observing Van Lith with the small piece of plastic, Ranger Sabatini knocked on window, said "Police" and "hand me your marijuana."  At this point, the Ranger said Van Lith put his hands up and then inside his coat and denied having any marijuana.  Doan opened her purse and handed over a pipe with some marijuana in it and a prescription vial with some marijuana in it.  It is undisputed that the Ranger had not seen these two items before he knocked on the window.

Van Lith denied he had any marijuana.  It is contested whether Van Lith made a rapid movement to put his hand in his jacket after the officer knocked on the window. After Doan provided the marijuana and pipe to Ranger Sabatini, he called for another officer to come to the vehicle to search Van Lith and the vehicle.  Van Lith confirmed in his testimony that he had sealed the corner of the baggie with the small amount of marijuana with the car's lighter and dropped the remainder of the baggie outside the driver door. The rest of the baggie was found outside the driver door of the vehicle and the small amount of marijuana (about the size of a pencil eraser) was found on the floor of the back seat behind the driver's

seat (where Van Lith testified he had dropped it).

Doan and Van Lith were each charged with possession of marijuana, a Class A misdemeanor.

## ANALYSIS

The law applicable to this case is not generally disputed by the parties. Rather Defendants argue under the applicable law there simply was not an articulable reasonable suspicion to justify the investigatory stop nor was there probable cause for the search of the vehicle. The Court respectfully disagrees.

1. Investigatory Stop

"It is well settled that visual observation by a law enforcement officer situated in a place where he has a right to be is not a search within the meaning of the [F]ourth [A]mendment." *United States v. Coplen*, 541 F.2d 211, 214 (9th Cir. 1976). Ranger Sabatini's stealth observation of Doan and Van Lith by standing outside the vehicle in the BLM campground without announcing his presence was not an unlawful search within the meaning of the Fourth Amendment. However, by knocking on the window and ordering Doan and Van Lith to hand over the marijuana, Ranger Sabatini was initiating an investigatory stop as defined by *Terry v. Ohio*, 392 U.S. 1, 30 (1968).

"An investigatory stop or encounter does not violate the Fourth Amendment

if the officers have 'reasonable suspicion supported by articulable facts that criminal activity may be afoot.'" *United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011). The Court is to consider the totality of the circumstances in determining if the officer had a particularized and objective basis for suspecting the particular person stopped was involved in criminal activity. *Id.* Counsel for both sides agree that the standard for "reasonable suspicion" is a fairly minimal standard, but it must be based on specific and articulable facts. Any inferences from those facts must also be objectively reasonable.

In this case, the Court finds Ranger Sabatini articulated his reasonable suspicions regarding why he believed Van Lith was in possession of marijuana, albeit a very small amount. The officer testified that he is familiar with marijuana drug users saving small amounts of marijuana by tearing off a corner of a plastic baggie and he observed a small piece of plastic similar to a baggie in Van Lith's fingers. The weekend of the Riggins Rodeo brought lots of folks into Riggins and there was a lot of partying occurring in the crowded campground. The officer had written 6 to 8 other citations that day for unlawful conduct on BLM land. While the fact that the interior light was on in the vehicle around midnight is not by itself sufficient reasonable suspicion to justify an investigatory stop, after observing Van Lith and the small object the officer reasonably believed to be contraband from his

undetected position outside the vehicle, the officer determined based on his background and training with illicit drug usage, that he had an articulable basis to conduct an investigatory stop as he reasonably believed Van Lith was in possession of a small amount of illegal drugs. The officer then knocked, announced his law enforcement status and requested the drugs be turned over.

Moreover, the reasonableness of the officer's articulable suspicions were corroborated when the small amount of marijuana dropped by Van Lith behind the seat was discovered in the corner of a piece of plastic baggie (that matched the rest of the baggie that was missing one corner outside the driver's door) and Doan voluntarily turned over other marijuana the officer had not observed.

For these reasons, the Court finds Ranger Sabatini had articulable reasonable suspicions based on the conduct he observed to initiate the investigatory stop and direct the passengers of the vehicle to turn over the marijuana.

2. Search of the Vehicle

The Ninth Circuit has "repeatedly held that, (i)f after a valid investigator stop, probable cause arises, the search may then be made," and "[l]ikewise, the observation of what apparently is contraband material in plain view within a vehicle would also give rise to probable cause for a search." *United States v. Garcia-Rodriguez*, 558 F.2d 956. 964-65 (9th Cir. 1977) (citations omitted).

Examining the totality of the circumstances, probable cause exists when there is a "fair probability or substantial chance of criminal activity" having occurred. *United States v. Alaimalo*, 313 F.3d 1188, 1193 (9th Cir. 2002) (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). After Doan turned over the prescription vial and pipe containing what the officer recognized as marijuana, the Ranger then had probable cause to search the vehicle for additional contraband as he had probable cause that the crime of possession of marijuana had in fact occurred.

The search for additional contraband is justified even though the occupants were not the owner of the vehicle because at the time of the investigatory stop they had possession and control over the vehicle. Ranger Sabatini thought he saw Van Lith try to dispose of the plastic in his hand by putting it in his jacket, but when a search of Van Lith did not result in the plastic containing the suspected marijuana being found, the officer still had probable cause to search the vehicle for additional contraband based on the marijuana that had been turned over by Doan. When a car can be easily moved and the contents hidden or destroyed, a warrantless search based on probable cause can occur in order to determine if additional contraband is located in the vehicle. *United States v. Orozco*, 590 F.2d 789, 793 (9th Cir. 1979). The Court concludes there was more than a fair probability additional contraband would be found based on the totality of the circumstances known to Ranger

Sabatini and the warrantless search of the vehicle was not a violation of the Fourth Amendment.

## ORDER

IT IS ORDERED that:

1. Defendant Van Lith's Motion to Suppress (Dkt. 13) is DENIED.

2. Defendant Doan's Motion to Suppress (Dkt. 14) is DENIED.

3. Trial for all defendants is RESET for Tuesday, January 10, 2012 at 9:30 a.m. in Boise, Idaho.

DATED: **November 21, 2011**

Honorable Edward J. Lodge
U. S. District Judge